**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| STEVEN BYRD and COREY COOK, Individually and on Behalf of All Other Persons Similarly Situated, | ) ) ) |
| | ) **COLLECTIVE AND** |
| Plaintiffs, | ) **CLASS ACTION COMPLAINT** |
| | ) |
| v. | ) **Jury Trial Demanded** |
| | ) |
| STYX ACQUISITION, LLC d/b/a BUEHLER'S FRESH FOODS, | ) Civil Action No. ) |
| | ) |
| Defendant. | ) ) |

## INTRODUCTION

Plaintiffs Steven Byrd and Corey Cook ("Plaintiffs"), individually and on behalf of all others similarly situated, through counsel, upon personal knowledge and upon information and belief as to other matters, files this Collective and Class Action Complaint (the "Complaint") against Defendant Styx Acquisition, LLC d/b/a Buehler's Fresh Foods ("Buehler's" or "Defendant"), seeking all available relief under (1) the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, and (2) Ohio laws, specifically the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. §4111.01, *et seq.* ("Ohio MFWSA"), including damages available under the Ohio Prompt Pay Act ("OPPA"); and Ohio Rev. Code Ann. § 2307.60. The following allegations are based on Plaintiffs' personal knowledge and belief and upon information made known to Plaintiffs.

## NATURE OF THE ACTION

1.      This action seeks to recover unpaid overtime compensation under the FLSA for Plaintiffs, and other current and former employees working in salaried grocery department

manager-titled positions, below the in-store hierarchical levels of Store Manager and Assistant Store Manager, internally classified or treated and paid by Defendant as exempt from applicable overtime laws (which, upon information and belief, includes Kitchen Manager, Catering Chef, Catering Manager, Meat & Sea Food Manager, Produce Manager, Bakery Manager, Dairy and Frozen Manager, Beer and Wine Manager, Night Stock Manager, Floral Manager, Food Service Manager, Kingwood Kitchen Catering Manager, and other similarly titled salaried department manager titled positions paid as exempt, as well as the similarly titled salaried department manager Trainee positions paid as exempt) (collectively "DMs"), who worked more than 40 hours in any given workweek, paid by salary on any pay date within the period from three years before the date this Complaint was filed until entry of judgment in this matter (the "Collective relevant period"), and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (the "Collective.")

2.      This action also seeks to recover unpaid overtime compensation under the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. §4111.01, *et seq.* ("Ohio MFWSA"), for Plaintiffs and other DMs who worked more than 40 hours in any given work week at a Buehler's location in Ohio during the two years preceding the filing date of this Complaint and ending on the date of judgment in this matter, and compensatory/exemplary and punitive damages for willfully violating the FLSA under Ohio Rev. Code Ann. § 2307.60 for the period six years preceding the filing date of this Complaint (respectively and collectively the "applicable Class relevant periods"), pursuant to Fed. R. Civ. P. 23 (the "Ohio Class").

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

4.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District and Division and Plaintiffs worked for Defendant in this District and Division during the Relevant Time Period.

5.      Defendant regularly conducts business in this district.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7.      Plaintiff Byrd is an individual residing in Richland County, Ohio.

8.      Plaintiff Byrd was employed by and was permitted to work for Defendant as a Kitchen Manager from approximately March 2022 until February 2023 at the Ashland store location in Ashland County.

9.      Plaintiff Byrd has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and a copy of his consent is attached hereto.

10.     Plaintiff Cook is an individual residing in Ashland County, Ohio.

11.     Plaintiff Cook was employed by and was permitted to work for Defendant as a Catering Chef from approximately November 2022 through January 2023 at the Ashland store location in Ashland County.

12.     Defendant is a corporation organized and existing under the laws of Delaware, with its principal offices at 1401 Old Mansfield Rd., Wooster, OH 44691.

13.     According to its website, https://buehlers.com, Defendant has approximately 12 store locations throughout Ohio.

14.     At all times relevant herein, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and the Ohio MFWSA.

15.     At all times relevant herein, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16.     At all times relevant herein, Defendant is and was engaged in business in the State of Ohio so that the exercise of jurisdiction over Defendant is proper.

17.     At all times relevant herein, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Defendant has had (and has) an annual gross volume of sales, made or done business in an amount of at least $500,000.

18.     At all times relevant herein, Plaintiffs and DMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

19.     Defendant issued paychecks to Plaintiffs and DMs during their employment.

20.     Defendant suffered, permitted or directed the work of Plaintiffs and DMs, and Defendant benefited from work performed by Plaintiffs and DMs.

21.     Pursuant to Defendant's policy, pattern, and practice, during the Collective and applicable Class relevant periods, Defendant did not pay Plaintiffs and other DMs overtime premiums for hours they worked for Defendant's benefit in excess of 40 hours in a workweek.

4

## FACTUAL ALLEGATIONS

22.     Defendant employed Plaintiff and the putative Collective and Ohio Class members as DMs during the Collective and applicable Class relevant periods.

23.     Defendant maintains control, oversight, and discretion over the operation of its retail grocery stores, including its employment practices with respect to Plaintiffs and the putative Collective and Ohio Class.

24.     During the Collective and applicable Class relevant periods, Plaintiff and the putative Collective and Ohio Class performed work as DMs that was integrated into the normal course of Defendant's business.

25.     During the Collective and applicable Class relevant periods, consistent with Defendant's policy, pattern and/or practice, Plaintiffs and the putative Collective and Ohio Class regularly worked in excess of 40 hours per workweek without being paid premium overtime wages.

26.     During their time working as DMs within the Collective and applicable Class relevant periods, Plaintiffs routinely worked more than 40 hours a week but were not paid overtime premiums in the amount required by state and federal law for non-exempt employees for the hours they worked in excess of 40.

27.     During the Collective and applicable Class relevant periods, Defendant assigned all of the work performed by Plaintiffs and the putative Collective and Ohio Class members, and is aware of all the work that they have performed.

28.     During the Collective and applicable Class relevant periods, the work primarily performed by Plaintiffs and the putative Collective and Ohio Class members required no capital

investment, and did not primarily include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

29.     Throughout the Collective and applicable Class relevant periods, Plaintiffs and the putative Collective and Ohio Class members performed the same or substantially similar primary job duties, including many or all of the following examples: servicing customers and filling customer requests, preparing orders, preparing and displaying food products for sale, unloading, stocking, maintaining and keeping the product offerings replenished, and cleaning.

30.     Throughout the Collective and applicable Class relevant periods, the primary job duties of Plaintiffs and the putative Collective and Ohio Class members did not include: hiring, firing, directing the work of other employees, or exercising meaningful independent judgment and discretion.

31.     During the Collective and applicable Class relevant periods, the primary job duties of Plaintiffs and the putative Collective and Ohio Class members did not materially differ from the duties of employees within the grocery departments paid as hourly and/or non-exempt, which included many duties that were manual and non-exempt in nature. During the Collective and applicable Class relevant periods, the performance of manual labor and non-exempt duties occupied the vast majority of Plaintiffs' and the putative Collective and Ohio Class members' working hours.

32.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant internally classified all DMs as exempt from the overtime provisions of the FLSA and state law.

33.    Specifically, pursuant to Defendant's policy, pattern, and practice, during the Collective and applicable Class relevant periods, Defendant classified or treated, and paid, the following positions as exempt from the applicable overtime laws:

    a.  Kitchen Manager

    b.  Catering Chef

    c.  Catering Manager

    d.  Meat & Seafood Manager

    e.  Produce Manager

    f.  Bakery Manager

    g.  Dairy and Frozen Manager (or Dairy/Frozen Manager, or however similarly titled)

    h.  Beer and Wine Manager

    i.  Night Stock Manager

    j.  Floral Manager

    k.  other similarly "Manager"-titled department manager positions not listed above.

34.    Upon information and belief, Defendant did not perform a person-by-person analysis of the job duties of DMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA and state law as applicable to the Collective and applicable Class relevant periods.

35.    Based on information and belief, during the Collective and applicable Class relevant periods, Defendant established labor budgets to cover labor costs for the stores in which Plaintiffs and DMs worked and the wages of Defendant's store-level employees were deducted from the labor budgets. However, based on information and belief, in so doing Defendant did

not provide sufficient money in the labor budgets for personnel internally classified by Defendant as non-exempt to cover all hours needed to complete the necessary manual and non-exempt tasks in each store.  Defendant knew or recklessly disregarded the fact that the underfunding of store labor budgets alleged herein resulted in Plaintiffs and other DMs (who were not paid overtime) working more than 40 hours in a workweek without receiving any overtime premium compensation, which allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt-paid, store-level employees.

36.     Based on information and belief, during the Collective and applicable Class relevant periods Defendant knew, by virtue of the fact that their Store Managers and other personnel at higher reporting or in-store hierarchical management levels (as its authorized agents) actually saw Plaintiffs and other DMs perform primarily manual labor and non-exempt duties, that as a result of the underfunded labor budgets the amount of money available to pay internally classified non-exempt employees to perform such work was limited (and, ultimately, insufficient). Based on information and belief, Defendant knew that Plaintiffs and other DMs were performing the work of non-exempt employees and, based on their actual job duties, DMs did not fall within any FLSA or Ohio law overtime exemptions during the Collective and applicable Class relevant periods. Based on information and belief, Defendant was aware of its obligations under the FLSA and the overtime pay laws of Ohio, and acted willfully and/or recklessly in failing to classify and pay Plaintiff and other DMs as non-exempt employees.

37.     Defendant's unlawful conduct, as described above, was willful and/or in reckless disregard of the FLSA, and accomplished through Defendant's centralized, company-wide policy, pattern, and practice of minimizing labor costs by violating the FLSA.

38.     As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA with respect to Plaintiffs and the putative Collective during the Collective relevant period. This policy, pattern, and practice includes, but it is not limited to, Defendant's knowledge of its obligations and the kind of work that Plaintiffs and the putative Collective were, and have been, performing. As a result, Defendant has:

    a.     willfully misclassified Plaintiffs and members of the Collective;

    b.     willfully failed to pay Plaintiffs and the members of the Collective overtime wages for hours they worked in excess of 40 hours per week; and

    c.     willfully failed to provide enough money in its store-level labor budgets for non-exempt employees to perform their duties and responsibilities, forcing DMs to perform such non-exempt tasks.

39.     Defendant's willful violations of the FLSA are further demonstrated by the fact that during the course of the Collective Period and continuing to the present, Defendant has failed to maintain accurate and sufficient time records for Plaintiffs and the members of the Collective. Defendant acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not track the start and stop times worked by Plaintiffs and the members of the Collective, and that did not allow Plaintiffs and the members of the Collective to record all hours worked.

40.     Due to the foregoing, Defendant's failure to pay overtime wages for work performed by the Collective in excess of 40 hours per workweek was willful and/or in reckless disregard of the FLSA, and has been widespread, repeated and consistent.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

9

41.     Plaintiffs, on behalf of themselves and all Collective Action Members, re-allege and incorporate by reference the preceding Paragraphs 1, and 7-40.

42.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seeks to prosecute their FLSA claims as a Collective Action on behalf of all persons who are or were employed by Defendant as DMs, and individuals holding comparable salaried exempt-paid positions regardless of variation in Manager titles, within the United States who were paid a salary on a pay date at any time during the Collective relevant period.

43.     Defendant is liable under the FLSA for, *inter alia*, failing to pay premium overtime wages to Plaintiffs and other similarly situated employees.

44.     Upon information and belief, there are numerous similarly situated current and former DMs who have not been paid premium overtime wages in violation of the FLSA for their DM work within the Collective relevant period, and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

45.     The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## OHIO CLASS ALLEGATIONS

46.     Plaintiffs, on behalf of themselves and all Class members, re-allege and incorporate by reference the preceding Paragraphs 1 (definition of "DMs"), 2, and 7-36.

47.     Pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), Plaintiffs seek to prosecute their Ohio MFWSA claims as a class action on behalf of all persons who are or were formerly employed by Defendant as DMs at any time during the applicable Class relevant periods (the "Ohio Class").

10

48.     The persons in the Ohio Class are so numerous that their joinder is impracticable.

49.     There are questions of law and fact common to the Ohio Class and such questions predominate over questions solely affecting individual members of the Class (for example, whether Defendant misclassified DMs as exempt from the overtime provisions of the Ohio MFWSA applicable to the applicable Class relevant periods).

50.     Plaintiffs' claims are typical of the claims of the Ohio Class, Plaintiffs are adequate representatives to fairly prosecute the interests of the Class, and they have retained competent counsel with class action experience and expertise to advance the interests of the Class.

51.     A class action in superior to other methods of adjudicating the Ohio MFWSA misclassification and failure to pay wages claims set forth in this case.

52.     Defendant employed approximately 40 or more DMs whose regularly scheduled pay dates for hours worked as DMs in one or more workweeks fell within the two-year period preceding the date of this Complaint and continuing through judgment.

53.     Common questions of law and fact exist to all members of the Ohio Class and predominate over any questions solely affecting individual members of the Ohio Class, including, but not limited to:

a.  Whether Defendant unlawfully failed to fully pay the required amount of overtime compensation to members of the proposed Ohio Class in violation of Ohio's laws;

b.  The proper measure of damages sustained by the members of the proposed Ohio Class; and

c.  Whether the Court should grant declaratory relief finding Defendant violated the

Ohio laws at issue in the Ohio Class claims.

54.     Plaintiffs will fairly and adequately protect the interests of the members of the Ohio Class because they suffered the same common and company-wide violation, their interests are aligned with the members of the Ohio Class, and they have retained counsel experienced in complex wage and hour class and collective action litigation.

55.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Ohio Class predominate over any questions affecting only individual members of the Ohio Class, and because a hybrid class action for the Ohio Class claims and FLSA collective action for FLSA claims is superior to other available methods for the fair and efficient adjudication of the claims in this litigation.

56.     Defendant's common and uniform policies and practices denied the Ohio Class the overtime compensation to which they were entitled during the applicable Class relevant periods.

57.     The damages suffered by the individual class members are small compared to the expense and burden of individual prosecution of the claims at issue in this litigation.

58.     In addition, a hybrid class action for the Ohio Class claims and FLSA collective action for FLSA claims is superior to other available methods of the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against multiple large statewide corporate defendants; prosecuting thousands of identical lawsuits nationwide does not promote judicial efficiency or equity and consistency in judicial results.

59.     Class certification of the Ohio Class claims is appropriate pursuant to FED. R. CIV.

P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Ohio Class, making appropriate declaratory relief with respect to the Ohio Class.

60.     Plaintiffs know of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**
**(FLSA:  UNPAID OVERTIME WAGES)**
**(Brought on Behalf of Plaintiff and All Collective Action Members)**

61.     Plaintiffs, on behalf of themselves and all Collective Action Members, re-allege and incorporate by reference paragraphs 1 and 7-45.

62.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

63.     At all relevant times, Defendant employed Plaintiffs, and employed, or continue to employ, each of the Collective Members within the meaning of the FLSA.

64.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq*., apply to Defendant.

65.     At all relevant times during the Collective relevant period and continuing to the present, Defendant has had a policy and practice of refusing to pay premium overtime compensation to Plaintiffs and its DMs for hours worked in excess of 40 hours per workweek.

66.     As a result of Defendant's willful failure to compensate its employees, including Plaintiffs and the Collective Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

67.     As a result of Defendant's willful failure to record time and compensate its employees, including Plaintiffs and the Collective Members, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

68.     As a result of Defendant's policy and practice of minimizing labor costs by underfunding labor budgets for their stores, Defendant knew or recklessly disregarded the fact that Plaintiffs and the Collective Members were primarily performing manual labor not in an office and non-exempt tasks.

69.     Due to Defendant's (a) failure to provide enough labor budget funds, (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiffs and the Collective Members, (c) actual knowledge, through their store-level and above-store-level management that the primary duties of Plaintiffs and the Collective Members were manual labor not in an office and other non-exempt tasks, (d) failure to perform a person-by-person analysis of Plaintiffs' and the Collective Members' job duties to ensure that they were performing exempt job duties at all times during which they were classified or treated and paid as exempt from the FLSA's overtime premium requirements, (e) policy and practice that did not record Plaintiffs' and the DMs' start and stop times worked and that did not allow Plaintiffs and Collective Members to record all hours worked, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

70.     As a result of Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the Collective Members, are entitled to (a) recover from Defendant their unpaid wages for all of the hours worked by them, as premium overtime compensation; (b) recover an additional,

14

equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover prejudgment interest for their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

71.     Defendant's violations of the FLSA have been willful, thus a three-year statute of limitations applies to the FLSA claims, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**
**(OHIO MFWSA: UNPAID OVERTIME WAGES)**
**(Brought on Behalf of Plaintiffs and the Ohio Class)**

72.     Plaintiffs and the Ohio Class re-allege and incorporate by reference paragraphs 1 (definition of "DMs"), 2, and 7-40, and 46-60, as applicable during the applicable Class relevant periods, as if they were set forth again herein.

73.     During the applicable Class relevant periods, Plaintiffs and the Ohio Class were subject to Defendant's common and company-wide policy and practice of internally classifying and paying Plaintiffs and the Ohio Class as exempt from Ohio's statutory overtime pay provisions, resulting in failure to pay overtime at a rate of time and one-half the required regular rate, inclusive of all compensation not excludable form the regular rate calculations under applicable law.

74.     Plaintiffs and the Ohio Class's wages owed for overtime hours worked remained unpaid for thirty days beyond each regularly scheduled payday, entitling them under Ohio Rev. Code Ann. § 4113.15(b) to an amount equal to "six per cent of the amount of the amount of the claim still unpaid…or two hundred dollars, whichever is greater."

**THIRD CAUSE OF ACTION**
**(OHIO REV. CODE § 2307.60)**
**(Brought on Behalf of Plaintiffs and the Ohio Class)**

75.     As alleged above in Paragraphs 1-2, 7-40, and 46-60, Defendant willfully violated

the FLSA, which makes willful violation of any of the Act's provisions a criminal act under Section 216(a), and violated Ohio's MFWSA and OPPA; Plaintiffs therefore claim – concurrently, and/or pleading in the alternative – that Plaintiffs and the Ohio Class are entitled to recover the full compensatory and punitive damages allowed under Ohio Rev. Code § 2307.60, for the limitations period of six years preceding the Complaint filing date applicable to these claims that the Ohio appellate courts have interpreted to be remedial in nature.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Collective Members and Ohio Class Action Members are entitled to and pray for the following relief:

a.   Designation of this action as an FLSA collective action on behalf of Plaintiffs and the Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents pursuant to 29 U.S.C. § 216(b);

b.   Certification of this action as a class action on behalf of Ohio Class Members and prompt issuance of a notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to opt-out or to be bound by any judgment in the matter;

c.   A declaratory judgment that the practices complained of are unlawful under the FLSA and Ohio MFWSA;

d.   An injunction requiring Defendant to cease its unlawful practices;

e.   An award of unpaid wages for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay under the

FLSA and Ohio MFWSA using the following common methodology for calculating damages:  (Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

f.      An award of liquidated damages under the FLSA to Plaintiff and Collective Action Members as a result of Defendant's willful failure to pay for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216;

g.      An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h.      An award of prejudgment and post-judgment interest;

i.      An award of compensatory and punitive damages and other relief available under Ohio Rev. Code Ann. § 2307.60;

j.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and

k.      Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to FED. R. CIV. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: March 11, 2025           By:   *s/ Bethany A. Hilbert*
                                    C. Andrew Head
                                    Bethany Hilbert
                                    Head Law Firm, LLC
                                    4422 N. Ravenswood Ave.
                                    Chicago, IL 60640
                                    Tel:  (404) 924-4151
                                    Fax: (404) 796-7338

Email: ahead@headlawfirm.com
       bhilbert@headlawfirm.com

***Attorneys for Plaintiffs, the Collective, and the Ohio Class***